**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:08CV-199-S**

**DAVID RAY NUNN**                                                                                      **PLAINTIFF**

v.

**THE UNITED STATES** *et al.*                                                                  **DEFENDANTS**

### MEMORANDUM OPINION

Acting without the assistance of counsel, Plaintiff commenced this action against the United States; Mark Everson, the Commissioner of the Internal Revenue Service ("IRS"); and IRS Appeals Officer, Carol A. Hemberger. Plaintiff is seeking (1) a refund of an overpayment on his tax return for the year 2000 and (2) compensatory damages under 26 U.S.C. § 7433. Because Plaintiff is proceeding *in forma pauperis*, this Court is required to screen the complaint. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (referencing 28 U.S.C. § 1915(e)(2)). For the reasons set forth below, the Court will dismiss this action because Plaintiff is not entitled to recover from the any of the Defendants under the circumstances alleged in his complaint.[1]

### I. SUMMARY OF COMPLAINT

Plaintiff was arrested and incarcerated in February 2002 before he was able to file his bi-annual tax return. According to Plaintiff, he spent the remainder of 2002 in an isolation cell. Thereafter, he was convicted of several offenses and transferred to state custody. Once in state

---

[1] Although not yet properly served, the United States elected to file a responsive pleading. The United States moves for judgment on the pleadings. Because this Court has determined that Plaintiff's complaint cannot survive initial review, it is unnecessary to separately address the United States' motion.

custody, using "community assistance," Plaintiff attempted to file both his 2000 and 2001 tax returns. Unbeknownst to Plaintiff, his efforts were not successful.

Sometime thereafter, Plaintiff's wife was released from incarceration and began attempting to reconstruct the Nunn family's financial affairs. In so doing, she discovered the missed filing. Plaintiff's wife then alerted Plaintiff to this fact. Since that time, Plaintiff has been in contact with the IRS with regarding his 2000 taxes. While the pleadings are not clear on the exact date that his tax return for 2000 was filed, it is clear that it was filed at some point after August 3, 2005, as that is the date of a letter in which Plaintiff requested the opportunity to file the 2000 tax year return.

On or about, April 22, 2006, Plaintiff filed a claim for a refund of an overpayment on his tax return for the year 2000. In the claim, Plaintiff sought a refund in the amount of $6,309. The refund stemmed solely from the over-withholding of taxes during the tax year 2000. Defendant Hemberger reviewed Plaintiff's claim, and by letter dated April 6, 2007, informed Plaintiff that she would recommend that his claim be denied. After receiving Plaintiff's response, on April 18, 2007, Hemberger issued a final decision rejecting the claim for refund. Plaintiff then filed a complaint against Hemberger with the Appeals Team Manager. The Appeals Team Manager upheld Hemberger's denial by letter dated May 16, 2007.

## II.  STANDARD OF REVIEW

Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955,167 L. Ed. 2d 929 (2007) (internal citations omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 540 U.S. 544, 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*).  In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ARGUMENT

*A.     Defendants Everson and Hemberger*

While Plaintiff named Everson and Hemberger as defendants, 26 U.S.C. § 7422(f)(1) only authorizes actions for refund against the United States, and not against the individual officers. *See, e.g.*, *McDowell v. Barrett*, No. 4:06-CV-80-BO, 2007 U.S. Dist. LEXIS 53489, at *1 (E.D.N.C. June 27, 2007) ("A refund suit must be brought against the United States and not against an employee or officer of the United States.") (citing 26 U.S.C. § 7422(f)). Similarly, 26 U.S.C. § 7433 only authorizes actions against the United States, and not against the individual officers. *See, e.g., Stephens v. United States Gov't*, No. CV407-152, 2007 U.S. Dist. LEXIS 86391 (S.D. Ga. Oct. 25, 2007). Accordingly, Plaintiff's claims against Everson and Hemberger must be dismissed.

*B.     Plaintiff's Claim for Refund under 26 U.S.C. § 6511(b)(2)(a)*

A taxpayer must file a claim for refund within 3 years from the time the tax return was filed or 2 years from the time the tax is paid, whichever is later. 26 U.S.C. § 6511(a).[2] Plaintiff's year 2000 tax return was presumably filed sometime in or after 2005. His claim for a

---

[2]This section provides:

(a) Period of limitation on filing claim. Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

26 U.S.C. § 6511(a).

refund was filed in 2006. Therefore, Plaintiff's refund claim was timely under 26 U.S.C. § 6511(a).

However, the Court's inquiry does not end there. While a claim for a refund might be timely under 26 U.S.C. § 6511(a), the amount of the allowed refund is limited by 26 U.S.C. § 6511(b)(2)(A). It provides:

> (A) Limit where claim filed within 3-year period. If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim.

*Id.* Thus, under 26 U.S.C. § 6511(b)(2)(A), the amount of the allowed refund is limited to the portion of the tax paid in the previous three years. In this case, Plaintiff filed his refund claim on April 22, 2006. Therefore, the amount of allowed refund is limited to the portion of the tax Plaintiff paid between April 22, 2003, and April 22, 2006.

Plaintiff's claim for refund is based on taxes withheld during the calendar year 2000. For the purposes of 26 U.S.C. § 6511(b)(2)(A), withheld taxes are deemed to be paid on April 15th of the following year. *See, e.g., Baral v. United States*, 528 U.S. 431, 434-35 (2000); *Alternative Entm' Enters. v. United States*, 277 F. App'x 590, 593 (6th Cir. 2008). Thus, because the subject tax is deemed paid by April 15, 2001, it falls outside of the three-year window provided for in the statute. Since no portion of the disputed taxes was paid between April 22, 2003, and April 22, 2006, Plaintiff is not entitled to relief under 26 U.S.C. § 6511.

However, Plaintiff argues that he is nonetheless s entitled to a refund because,

based on his incarceration, all deadlines should be extended pursuant to 26 U.S.C. § 6511(h). This section provides:

> (h) Running of periods of limitation suspended while taxpayer is unable to manage financial affairs due to disability. (1) In general. In the case of an individual, the running of the periods specified in subsections (a), (b), and (c) shall be suspended during any period of such individual's life that such individual is financially disabled. (2) Financially disabled. (A) In general. For purposes of paragraph (1), an individual is financially disabled if such individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require. (B) Exception where individual has guardian, etc. An individual shall not be treated as financially disabled during any period that such individual's spouse or any other person is authorized to act on behalf of such individual in financial matters.

*Id.*

The Internal Revenue Service has promulgated procedures for establishing financial disability. "Rev. Proc. 99-21 sets forth in detail the 'form and manner' in which proof of financial disability must be provided." *Bova v. United States*, 80 Fed. Cl. 449, 455 (Fed. Cl. 2008). According to the revenue procedure, the taxpayer must submit:

> (1) a written statement by a physician (as defined in §1861 (r) (1) of the Social Security Act, 42 U.S.C. § 1395x(r)), qualified to make the determination, that sets forth: (a) the name and a description of the taxpayer's physical or mental impairment; (b) the physician's medical opinion that the physical or mental impairment prevented the taxpayer from managing the taxpayer's financial affairs; (c) the physician's medical opinion that the physical or mental impairment was or can be expected to result in death, or that it has lasted (or can be expected to last) for a continuous period of not less than 12 months; (d) to the best of the physician's knowledge, the specific time period during which the taxpayer was prevented by such physical or mental impairment from managing the taxpayer's financial affairs; and (e) the following certification, signed by the physician: I hereby certify that, to the best of my knowledge and belief, the above representations are true, correct, and complete.

Rev. Proc. 99-21. To take advantage of this provision, a taxpayer must strictly comply with its requirements. *See Henry v. United States*, No. 3:05-CV-1409-D, 2006 U.S. Dist. LEXIS 93038 (N.D. Tex. Dec. 26, 2006) ("But while the court in no sense intends to denigrate the seriousness of her cancer, it cannot deprive the United States of sovereign immunity where she has failed to produce a physician's medical opinion that she suffered from a physical impairment that prevented her from managing her financial affairs during any period prior to the August 15, 2002 filing deadline and that specifies the period, as required by Revenue Procedure 99-21."); *Glover v. United States*, No. 05-CV-60044-AA, 2005 U.S. Dist. LEXIS 14220 (E.D. Mich. June 9, 2005) ("Although Plaintiff was undoubtedly stressed due to the deaths of his father and brother and his mother's illness, he was not financially disabled within the meaning of 26 U.S.C. § 6511.")

   Plaintiff has failed to allege that he ever complied with Rev. Pro. 99-21, or that he suffered from any physical or mental disability that would allow him to do so. Plaintiff alleges only that the fact of his incarceration should allow him to take advantage of 26 U.S.C. § 6511(h). Congress has not authorized the courts to extend tolling provisions for that circumstance. *See Webb v. United States*, 66 F.3d 691, 701 (4th Cir. 1995). By passing § 6511(h), "Congress provided for one specific set of circumstances that would toll the statute of limitations. Congress considered the issue and chose to create this-and only this-exception. Congress could have used more general language, but it chose not to. By using technical language and listing specific exceptions–such as one contained in § 6511(h)–Congress precluded the existence of unenumerated equitable exceptions." *Katz v. United States*, No. 04-1790T, 2006 WL 2418837, at *4 (Fed. Cl. July 25, 2006). This Court simply lacks the authority to extend § 6511(h)'s

protection to Plaintiff's situation. *Id.*

Thus, for the reasons explained above, Plaintiff cannot recover any refunds associated with his return for the 2000 tax year.

**C.**     ***Damages Under 26 U.S.C. § 7433***

Civil damages for certain unauthorized collection actions are authorized by 26 U.S.C. § 7433. Plaintiff seeks § 7433 damages for Hemberger's actions. That section provides:

> (a) In general.--If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

*Id.* "Collection activity" is a prerequisite to suit under this section. *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994). However, absent from Plaintiff's complaint is any allegation that Defendant Hemberger engaged in any collection activity. All Plaintiff alleges is that Defendant Hemberger denied his claim for a refund. An alleged failure to pay a refund claim, however, is not a collection activity. *See Williams v. United States*, 165 F.3d 29 (6th Cir. 1998) ("The fact that the government has not acted on the plaintiffs' refund claim does not amount to a collection activity and therefore, does not give rise to an action under Section 7433."); *Robertson v. United States*, 147 F. App'x 308, 310 (3d Cir. 2005) (holding that the "IRS was not engaged in

8

the collection of federal taxes" in denying refund claim)

For the reasons set forth above, the Court will enter a separate Order dismissing Plaintiff's claims.

Date:


cc: Plaintiff, *pro se*
    Counsel of record
4411.008